Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FIVE BELOW, INC., a Pennsylvania Corporation; ORLY SHOE CORP., a New York Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-11349-CAS-MRW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE OPINION TESTIMONY FROM FACT WITNESSES**<br><br>Hearing on Motions in Limine:<br><br>Date:　　　　10/31/2022<br>Time:　　　　11:00 am<br><br>Complaint Filed:　12/15/2020<br>Trial Date:　　　11/15/2022<br><br>**Hon. Christina A. Snyder** |

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that on **October 31, 2022** at 11:00 a.m. in
3  Courtroom 8D of the above-entitled Court, located at 350 West First Street, Los
4  Angeles, California 90012, plaintiff Deckers Outdoor Corporation ("Deckers" or
5  "Plaintiff") will and hereby does move this Court for an order *in limine* to exclude any
6  lay witness from providing opinion testimony including but not limited to the validity
7  of the '941 Patent.

8  This motion is based on the Notice of Motion, the accompanying Memorandum
9  of Points and Authorities, the Declaration of Brent Blakely, and all pleadings and
10 papers on file in this action, and upon such other matters as may be presented at the
11 time of hearing.

12 This motion is made following the conference of counsel pursuant to L.R. 7-3
13 which first took place on September 26, 2022.

15 DATED:   October 3, 2022         BLAKELY LAW GROUP

17                                  By:   */s/ Brent H. Blakely*
18                                        Brent H. Blakely
                                          Jamie Fountain
19                                        ***Attorneys for Plaintiff***
                                          ***Deckers Outdoor Corporation***

Defendants have not designated an expert to opine as the validity of the '941 Patent, nor have they submitted an expert report with regards to obviousness/patent invalidity. Since Defendants did not disclose an expert with regards to this defense, any testimony falling with the ambit of Rule 702 must be excluded.

Federal Rule of Evidence 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.

Although lay witnesses can testify as to facts, they cannot testify as to their ultimate conclusion or opinion. Further, any opinions or legal conclusions on technical or scientific matters are beyond the province of Federal Rule of Evidence 701, which explicitly bars lay witnesses from giving opinions based on technical or specialized knowledge.

Obviousness and each of its underlying components are analyzed from the perspective of a person of skill in the art. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420, 127 S. Ct. 1727, 167 L. Ed. 2d 705 (2007). Issues of infringement and validity "are analyzed in great part from the perspective of a person of ordinary skill in the art," such that a witness who is "not 'qualified as an expert by knowledge, skill, experience, training, or education' in the pertinent art . . . [cannot] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361-62 (Fed. Cir. 2008) (quoting Fed. R. Evid. 702). Thus, "it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art." *Id*. at 1363. The prohibition of unqualified witness testimony extends

to the ultimate conclusions of infringement and validity as well as to the underlying technical questions. "[A] witness not qualified in the pertinent art [may not] testify as an expert on obviousness, or any of the underlying technical questions, such as the nature of the claimed invention, the scope and content of the prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention." *Id*. at 1364. A lay witness is precluded from providing opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). As stated by the district court in *Gart v. Logitech, Inc*., 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003), when "declarants compare [prior art] to the [] Patent, they provide testimony that . . . require[s] specialized knowledge." *Id*. "This they are not permitted to do as laypersons." *Id*.

During today's hearing on Plaintiff's Motion for Summary Judgment Defendants indicated that they would be attempting to introduce opinion evidence at trial regarding obviousness through their fact witnesses, both of whom are employees of Defendants. The Federal Circuit recently rejected a similar attempt to circumvent the Federal Rules of Evidence in *HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685 (Fed. Cir. 2020). In *Oxygen Frog* the district court allowed a lay witness, Mr. Piebes, to opine that it would be "obvious" to modify a prior art system in a particular way that would match the claimed invention. The Federal Circuit found this was improper, holding that "[b]ecause the district court abused its discretion by admitting lay witness testimony regarding obviousness, we reverse and remand for a new trial." *Id*. at. 690.

Recognizing that the Federal Rules of Evidence and those of Civil Procedure carefully govern expert testimony and requires experts be disclosed to the opposing party along with a written report; the Federal Circuit in *Oxygen Frog* held that the failure to designate Mr. Piebes as an expert should have resulted in his exclusion by the district court because his testimony clearly fell within the parameters of FRE 702. The Federal Circuit rejected Oxygen Frog's argument that a lay witness should be

permitted to testify that modifying one of the prior art references to include additional claimed features would have been obvious, holding that:

> "We do not agree, because Mr. Piebes' opinion testimony was directed to the central legal and technical question at trial: whether HVO's asserted patent claims were invalid for obviousness. This testimony from Mr. Piebes is thus in the clear purview of experts and lay witness testimony on such issues does not comply with the Federal Rules of Evidence or Civil Procedure. Mr. Piebes' testimony, which is directed to the conclusion of obviousness and its underlying technical questions, is the province of qualified experts, not lay witnesses."

*Oxygen Frog* at 689.

Similarly, Defendants here should not be allowed to back door expert opinion testimony through fact witnesses. Defendants have attempted to cobble together a previously undisclosed obviousness defense on the eve of trial, submitting unauthenticated hearsay evidence of purported prior art well after the discovery cutoff and now attempting to smuggle non-designated expert testimony under the guise of lay witnesses. As *Oxygen Frog* and numerous other controlling cases have held, such evidence should be excluded.

> Because expert testimony on ultimate issues carries with it the potential to significantly impact a jury's decision, "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008). Mr. Piebes was not disclosed as an expert, and his testimony as to obviousness was not disclosed pursuant to expert discovery rules. Thus, HVO was significantly prejudiced by the testimony on the ultimate question of obviousness, which should only have been given by a qualified expert witness, with the expert discovery necessary to prepare its case and ensure the reliability and relevance of the testimony.
> This is not harmless error.

///

///

///

*Oxygen Frog* at 690; see also *Xodus Med., Inc. v. Prime Med., LLC*, 2022 U.S. Dist. LEXIS 23241 (E.D. Tenn Feb. 9, 2022) ("The law is clear that a lay witness may not offer testimony on [obviousness and prior art].")

DATED: October 3, 2022        BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
Brent H. Blakely
Jamie Fountain
***Attorneys for Plaintiff***
***Deckers Outdoor Corporation***